IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH TRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) Case No. 11-2152-CM |
| FOUR B. CORPORATION d/b/a | ) |
| BALL'S PRICE CHOPPER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Elizabeth Trice brings this employment discrimination action, alleging that defendant Four B. Corporation d/b/a Ball's Price Chopper—her former employer—discriminated against her, retaliated against her, and harassed her in violation of federal law. She claims her treatment was race- and disability-based. Defendant filed Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted (Doc. 12), claiming that many of plaintiff's claims are time-barred. Specifically, defendant claims that the court should dismiss any of plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") that are based on events more than 300 days prior to the time plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Although defendant also initially moved to dismiss any of plaintiff's claims filed pursuant to 42 U.S.C. § 1981 that arose more than two years before she filed the instant action, defendant has since withdrawn its motion to dismiss on that basis.

Exhaustion of administrative remedies is required before instituting a Title VII or ADA action in federal court. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1184 (10th Cir. 2007) (ADA) (citations omitted); *Khader v. Aspin*, 1 F.3d 968, 970–71 (10th Cir. 1993) (Title VII). Specifically, a litigant

must file a claim with the EEOC within 300 days of the allegedly discriminatory conduct before she may proceed in federal court. *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)); 42 U.S.C. § 12117(a) (incorporating procedures of Title VII). This timely filing is a "prerequisite to a civil suit." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003).

Defendant asks the court to dismiss a number of plaintiff's claims that are based on conduct that occurred more than 300 days before she filed her administrative charge with the EEOC. Plaintiff filed her charge on May 10, 2010. Defendant argues that all claims arising out of events prior to July 14, 2009, are barred for failure to timely exhaust.

Plaintiff responds that (1) events occurring outside the 300 days may still constitute admissible evidence; (2) plaintiff has alleged a continuing violation; and (3) events outside the 300-day period are still valid § 1981 claims.

At this early stage of the litigation, it is unclear to the court exactly what events plaintiff intends to base her Title VII and ADA claims on. At least with respect to her hostile work environment claims, plaintiff has sufficiently pleaded a "continuing violation" theory. But the continuing violation theory is not available for discrimination claims based on discrete employment actions, such as failures to promote. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). A litigant must file a claim with the EEOC within 300 days of each discrete discriminatory act before she may proceed in federal court. *See Haynes v. Level 3 Commc'ns, Inc.*, 456 F.3d 1215, 1222 (10th Cir. 2006). To the extent that plaintiff intends to base her Title VII and ADA discrimination or retaliation claims on discrete acts occurring outside the 300-day window, those claims are dismissed. The court makes no finding at this time limiting evidence that may be

presented on those claims and will take up that issue at the appropriate time, if properly raised.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted (Doc. 12) is denied in part and granted in part.

Dated this 26th day of August 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**